

# COMMONWEALTH *of* VIRGINIA
*Office of the Attorney General*

**Jason S. Miyares**　　　　　　　　　　　　　　　　　　　　　　　　　　　202 North 9th Street
Attorney General　　　　　　　　　　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　804-786-2071
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX 804-786-1991
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Virginia Relay Services
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　800-828-1120

March 14, 2024

The Honorable David J. Novak
Spottswood W. Robinson III and
　Robert R. Merhige, Jr.
　Federal Courthouse
701 East Broad Street
Richmond, VA 23219

　　　　　RE:　　*Association of American Railroads v. Hudson, et al.,* No. 1:23-cv-815-DJN-WEF

Dear Judge Novak:

　　　　The Association's supplemental authority letter offers nothing new. The Surface Transportation Board decision, *Town of Smithtown, N.Y.—Pet. for Declaratory Order*, No. FD 36575-1 (S.T.B. served Feb. 23, 2024), addresses regulations governing transloading hazardous materials, not non-exclusive easements to cross railroad tracks. Instead, *Smithtown* repeats familiar principles governing ICCTA preemption.

　　　　First, *Smithtown* notes that ICCTA "generally" preempts "state and local laws and regulations" over "transportation by rail carrier." *Id.* at 4. This is consistent with Fourth Circuit precedent holding that ICCTA preempts state laws that "have the effect of 'managing' or 'governing' rail transportation." *Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 213 (4th Cir. 2021). As briefed at length, see ECF No. 48 at 18–22, ECF No. 72 at 8–15, Virginia Code § 56-16.3 does not "manage" or "govern" rail transportation, and is therefore not preempted.

　　　　Second, *Smithtown* notes that despite the general bar against state regulation of rail transportation, an exception exists for "appropriate health and safety regulations and exercis[es] [of] police powers" if certain conditions are met, including that the exercise of police powers does

1

not "discriminate against rail carriers." *Smithtown* at 4. Again, this exception is inapplicable here because no state regulation of rail transportation has occurred. See ECF No. 48 at 18–22; ECF No. 72 at 8–15.

  The Association also contends that *Smithtown* concludes a "state law expressly targeting railroad operations [is] preempted." Letter at 1 (brackets added by the Association). But this quote is taken from a parenthetical description of an Oregon state-court case. The full language instead reads: "ICCTA preempts both direct and indirect regulation that affects a railroad's ability to conduct common carrier operations. See, *e.g.*, . . . *Burlington N. & Santa Fe Ry. v. Dep't of Transp.*, 206 P.3d 261, 264 (Or. Ct. App. 2009) (state law expressly targeting railroad operations preempted)." *Smithtown* at 4 n.7. *Burlington Northern* in turn recognized caselaw holding that ICCTA "preempts all 'state laws that may reasonably be said to have the effect of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation." 206 P.3d at 263. *Burlington Northern* held that the law at issue, which directly prohibited certain train operations, was preempted because it "specifically regulate[d] rail transportation." *Id*. at 264. Again, that ruling is consistent with Fourth Circuit precedent that ICCTA preempts laws regulating rail transportation, and it does not apply here because non-exclusive easements to cross railroad tracks do not govern rail transportation. See *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 102–106 (2d Cir. 2009) (holding ICCTA did not preempt a state order that applied exclusively to railroad crossing). As the Commonwealth has not regulated rail transportation in Virginia Code § 56-16.3, the police power exception's discrimination test is inapplicable. The Association's supplemental authority does not suggest otherwise.

         Sincerely,

         */s/ Andrew N. Ferguson*

         Andrew N. Ferguson
         Solicitor General